MORSELLO v RACING COMMISSIONER

Docket No. 64933. Submitted February 7, 1983, at Detroit.—Decided May 3, 1983.

In July of 1980, plaintiff, Joseph Morsello, pled nolo contendere to a charge of felonious assault. In early 1981, plaintiff applied for the reissuance of his occupational license as an owner and trainer of race horses. The state racing track stewards denied plaintiff's application. Plaintiff then appealed the stewards' decision to the office of the defendant, the Michigan Racing Commissioner. A hearing was held before a hearing officer who issued an opinion recommending to the commissioner that plaintiff's application be approved. Thereafter, the Racing Commissioner issued a written opinion and order which denied the plaintiff's application. Plaintiff appealed the Racing Commissioner's decision to the Oakland Circuit Court. That court, Robert L. Templin, J., affirmed the commissioner's decision. Plaintiff appeals. *Held:*

1. A decision of the Racing Commissioner to deny an application for an occupational license is reviewable in circuit court for the purpose of determining whether the decision is supported by competent, material, and substantial evidence on the whole record. Here, the commissioner's decision is supported by competent, material, and substantial evidence. The commissioner was required to deny plaintiff's license application based on his finding that the plaintiff's felonious assault conviction was related to plaintiff's ability and likelihood to serve the public in a fair, honest, and open manner.

2. It is the Racing Commissioner alone who is directed by statute to deny a license when the applicant has been convicted within the preceding six years of a felony related to the applicant's ability and likelihood to serve the public in a fair, honest, and open manner. Thus, the commissioner is not bound by the decision of his hearing officer, but rather is under the duty to make an independent determination of whether a license should be issued.

Affirmed.

REFERENCE FOR POINTS IN HEADNOTES
[1-3] 4 Am Jur 2d, Amusements and Exhibitions §§ 30, 31.

1. LICENSES — HORSE RACING — STATE RACING COMMISSIONER.

Each person involved with the racing of horses must be licensed by the Racing Commissioner; the commissioner shall not issue any applicant an occupational license where the applicant has been convicted of a felony related to the person's ability and likelihood to serve the public in a fair, honest, and open manner within six years immediately preceding application for the license (MCL 431.71[1]; MSA 18.966[41][1]).

2. CONSTITUTIONAL LAW — LICENSES — HORSE RACING — OCCUPATIONAL LICENSES — STATE RACING COMMISSIONER — APPEAL.

A decision by the Racing Commissioner to deny an application for an occupational license is reviewable in circuit court to determine whether the commissioner's decision is supported by competent, material, and substantial evidence on the whole record (Const 1963, art 6, § 28; MCL 24.306[1][d], 431.68[3]; MSA 3.560[206][1][d], 18.966[38][3]).

3. LICENSES — HORSE RACING — OCCUPATIONAL LICENSES — APPEAL.

The Racing Law of 1980 puts direct authority and responsibility on the Racing Commissioner to license persons participating in racing and to deny a license when the applicant has been convicted within the preceding six years of a felony related to the applicant's ability and likelihood to serve the public in a fair, honest, and open manner; therefore, the commissioner is not bound by a decision by a hearing officer, but rather is under a duty to make an independent determination of whether a license should be issued (MCL 431.67[1][a], 431.71[1]; MSA 18.996[37][1][a], 18.966[41][1]).

*David S. Steingold,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Charles D. Hackney* and *Theodore S. Klimaszewski,* Assistants Attorney General, for defendant.

Before: WAHLS, P.J., and M. J. KELLY and M. WARSHAWSKY,* JJ.

M. J. KELLY, J. Plaintiff appeals as of right from a circuit court order which affirmed a decision of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the Michigan Racing Commissioner to deny plaintiff's application for reissuance of his occupational license as an owner and trainer of race horses.

# I

Plaintiff was first licensed as a race horse owner-trainer in 1974. In July, 1980, plaintiff pled nolo contendere to a charge of felonious assault. In early 1981, shortly before the racing season at Hazel Park Race Track, plaintiff applied for the reissuance of his occupational license. The state racing track stewards at Hazel Park denied plaintiff's application. Plaintiff appealed the stewards' decision to the office of the Racing Commissioner. A hearing was held before a hearing officer. Testimony was taken from plaintiff, a racing commission investigator, and the two racing stewards who originally denied plaintiff's application. The transcript of the preliminary examination in plaintiff's felonious assault case, which contained the testimony of the victim of the assault, was introduced and reviewed. Briefs were submitted after the hearing. In an opinion dated July 20, 1981, the hearing officer recommended to the Racing Commissioner that plaintiff's application be approved.

On September 4, 1981, the Racing Commissioner issued a written opinion and order, stating that the circumstances surrounding plaintiff's felonious assault conviction and the testimony given at the hearing convinced him that the conviction related to plaintiff's ability to serve the public in a fair, honest, and open manner. The commissioner then denied plaintiff's application.

Plaintiff appealed the Racing Commissioner's decision to the Oakland County Circuit Court. The court ruled that the commissioner's decision was supported by competent, material, and substantial

evidence and affirmed the commissioner's decision. Following the circuit court's decision, plaintiff appealed to this Court. We affirm.

## II

Under the Racing Law of 1980, each person involved with the racing of horses must be licensed by the state Racing Commissioner. MCL 431.71(1); MSA 18.966(41)(1). The Racing Commissioner has been directed by the Legislature not to issue any applicant an occupational license if the applicant has been "convicted of a felony related to the person's ability and likelihood to serve the public in a fair, honest, and open manner within 6 years immediately preceding application for the occupational license". MCL 431.71(1); MSA 18.966(41)(1). A decision of the Racing Commissioner to deny an application for an occupational license is reviewable in circuit court. MCL 431.68(3); MSA 18.966(38)(3), see MCL 431.71(6); MSA 18.966(41)(6). The circuit court's review is for the purpose of determining whether the commissioner's decision is supported by competent, material, and substantial evidence on the whole record.[1] Const 1963, art 6, § 28; MCL 24.306(1)(d); MSA 3.560(206)(1)(d); *Longo v McIlmurray,* 115 Mich App 479, 486; 321 NW2d 701 (1982), *lv den* 417 Mich 899 (1983).

In the instant case, the Racing Commissioner's decision that plaintiff's 1980 felonious assault con-

---

[1] In addition to determining whether the Racing Commissioner's decision is supported by competent, material, and substantial evidence, the circuit court may also review whether the decision is in violation of the constitution or a statute, in excess of the commissioner's statutory authority or jurisdiction, made upon an unlawful procedure resulting in material prejudice to a party, arbitrary, capricious, or clearly an abuse or unwarranted exercise of discretion, or affected by other substantial or material error of law. See MCL 24.306(1); MSA 3.560(206)(1).

viction related to his ability to serve the public in a fair, honest, and open manner is supported by competent, material, and substantial evidence. Although plaintiff maintained his innocence and testified that he accepted the plea bargain only to avoid the possibility of serving jail time on the original charge of extortion, the complainant testified at the preliminary examination that plaintiff threatened him, his wife, and his children and that plaintiff struck him with a set of brass knuckles. The blow resulted in a fracture of the complainant's wrist. The complainant's testimony supports the Racing Commissioner's determination that the felonious assault conviction was related to plaintiff's ability and likelihood to serve the public in a fair, honest, and open manner. Based on his finding that the plaintiff's felonious assault conviction reflected on his ability and likelihood to serve the public in a fair, honest, and open manner, the Racing Commissioner was required to deny plaintiff's license application. See MCL 431.71(1); MSA 18.966(41)(1).

### III

Plaintiff argues on appeal that the Racing Commissioner should not be permitted to substitute his judgment for that of the hearing officer in the absence of a finding that the hearing officer abused his discretion. We disagree. The Racing Law of 1980 puts direct authority and responsibility on the Racing Commissioner to license persons participating in racing. MCL 431.67(1)(a); MSA 18.966(37)(1)(a). It is the Racing Commissioner alone who is directed by statute to deny a license when the applicant has been convicted within the preceding six years of a felony related to the applicant's ability and likelihood to serve the pub-

lic in a fair, honest, and open manner. MCL 431.71(1); MSA 18.966(41)(1). Thus, the Racing Commissioner is not bound by the decision of his hearing officer, but rather is under a duty to make an independent determination of whether a license should be issued.

Affirmed.