TAYLOR v HAZEL PARK RACING ASSOCIATION

Docket No. 76800. Submitted March 7, 1985, at Lansing.—Decided May 8, 1985.

Following an altercation which took place on June 13, 1982, between petitioner, Michael Taylor, and Maurice Janowitz, both licensed trainer-owners of race horses, the track stewards at Hazel Park Race Course found petitioner liable for the altercation, fined him $250 and suspended him for 15 days during the racing season. A *de novo* appeal was thereafter held before a Deputy Racing Commissioner who, apparently because of two prior assaults admitted by the petitioner, increased the penalty to 45 days' suspension to be served during the racing season. Petitioner then sought a review in the Oakland Circuit Court naming as respondents Hazel Park Racing Association, the Michigan Racing Commission, and others. The circuit court, Hilda R. Gage, J., affirmed the order of the Deputy Racing Commissioner, but reduced the penalty to the 15-day suspension ordered by the stewards and ordered it to be served upon receipt of the court's opinion, which was received in February during the off season. The Michigan Racing Commissioner appeals. *Held:*

1. The circuit court correctly found that the evidence justified the suspension.

2. The procedures in this case are not governed by criminal law. The Deputy Racing Commissioner enlarged the suspension based not on subsequent conduct of the petitioner but rather on the basis of prior conduct by the petitioner which came to light during the hearing before him. The prior newly-discovered information was admissible at the hearing before the Deputy Racing Commissioner.

The order of the circuit court is set aside and the order of the Deputy Racing Commissioner is reinstated. The suspension will

REFERENCES FOR POINTS IN HEADNOTES
[1] 1 Am Jur 2d, Administrative Law § 140.
   4 Am Jur 2d, Amusements and Exhibitions §§ 30, 34.
[2] 2 Am Jur 2d, Administrative Law §§ 378, 398, 459, 460, 540, 543.
[3] 2 Am Jur 2d, Administrative Law §§ 560, 737.
[4] 2 Am Jur 2d, Administrative Law § 678 *et seq.*

be served at a time specified by the Deputy Racing Commissioner.

1. LICENSES — RACING COMMISSIONER.

The authority to issue and regulate occupational racing licenses is delegated to the Michigan State Racing Commissioner, who has the authority to conduct hearings regarding actions and omissions of licensees and to suspend occupational licenses for periods of up to 45 days (MCL 431.67[1][a], 431.71[5]; MSA 18.966[37][1][a], 18.966[41][5]).

2. LICENSES — ADMINISTRATIVE LAW — HORSE RACING — APPEAL — ADMINISTRATIVE CODE.

The Michigan Administrative Code provides that race judges or stewards are to hold hearings in the first instance to make judgments on rule violations and the application of the rules of the Racing Commission and United States Trotting Association in conformity with justice and the best interests of racing; any person aggrieved by a decision of the stewards may appeal to the Racing Commissioner; the commissioner's hearing is *de novo* and, while the commissioner is not bound by rules of evidence or the procedures of criminal law, the commissioner must reduce to writing all evidence presented to him and make a final order (1979 AC, R 431.35[e]).

3. ADMINISTRATIVE LAW — RACING COMMISSIONER — APPEAL — CONSTITUTIONAL LAW.

Acts by the Racing Commissioner are reviewable by the circuit court in the county where the alleged act or failure to act took place; such a review is to be held under the Administrative Procedures Act (Const 1963, art 6, § 28; MCL 24.306[1], 431.71[5]; MSA 3.560[206][1], 18.966[41][5]).

4. ADMINISTRATIVE LAW — RACING COMMISSIONER — APPEAL.

A circuit court review of a decision of the Michigan Racing Commissioner is not a trial *de novo* and is limited to determining whether the decision is authorized by law and supported by competent, material and substantial evidence on the whole record; the decision should be affirmed where both inquiries are answered in the affirmative (MCL 24.306[1]; MSA 3.560[206][1]).

*Cooper, Shifman, Gabe, Quinn & Seymour* (by *Philip H. Seymour* and *Arnold J. Shifman),* for petitioner.

*Frank J. Kelley,* Attorney General, *Louis J.*

*Caruso,* Solicitor General, and *Nelson W. Westrin* and *Theodore S. Klimaszewski,* Assistants Attorney General, for the Michigan Racing Commissioner.

Before: ALLEN, ·P.J., and GRIBBS and T. GILLESPIE,* JJ.

PER CURIAM. This action arises from an event which occurred on June 13, 1982. An altercation took place on that date between the petitioner, Michael Taylor, a licensed trainer-owner of race horses, and a licensed trainer-owner by the name of Maurice Janowitz.

Taylor owned a horse by the name of "Blue Go", which won the eighth race at the respondent association's race course. The eighth race was a "claiming race", which means that all the horses were for sale at a predetermined price and could be claimed by potential purchasers after the race.

After the race, Janowitz told his groom to take possession of "Blue Go". This apparently enraged Taylor and he assaulted Janowitz.

The matter was reviewed by the track stewards, who found Taylor liable for the altercation, fined him $250 and suspended him for 15 days during the racing season. A *de novo* appeal hearing was held before John Connelly, a Deputy Racing Commissioner. The Deputy Racing Commissioner, apparently because of two prior assaults admitted by the petitioner, increased the penalty to 45 days' suspension and required that the penalty be served during the racing season.

The case was then appealed to the circuit court for Oakland County. The circuit judge affirmed the order of the Deputy Racing Commissioner, but reduced the penalty to the 15-day suspension

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ordered by the stewards and ordered it to be served upon receipt of the court's opinion, which was received in February, during the off season.

We reverse the order of the circuit court.

The authority to issue and regulate occupational racing licenses is delegated to the Michigan State Racing Commissioner. MCL 431.67(1)(a); MSA 18.966(37)(1)(a).

The Racing Commissioner has the authority to conduct hearings regarding actions and omissions of licensees and to suspend occupational licensees for periods of up to 45 days. MCL 431.71(5); MSA 18.966(41)(5).

Under the Michigan Administrative Code, 1979 AC, R 431.35(e), race judges or stewards hold hearings in the first instance to make judgments on rule violations and the application of the rules of the Racing Commission and the United States Trotting Association in conformity with justice and the best interests of racing.

Any person aggrieved by the decision of the stewards may appeal to the Racing Commissioner. The Racing Commissioner is not bound by rules of evidence but must reduce to writing all evidence presented to him and make a final order. The commissioner's acts may be reviewable by the circuit court in the county where the alleged act or failure to act took place. MCL 431.71(5); MSA 18.966(41)(5).

The commissioner's hearing is *de novo*. *Longo v McIlmurray,* 115 Mich App 479; 321 NW2d 701 (1982).

While appeal to the circuit court is provided for under the act, no special review procedure is provided. It follows that such circuit court review would be held under the Administrative Procedures Act. Const 1963, art 6, § 28; MCL 24.306(1);

MSA 3.560(206)(1). *Morsello v Racing Comm'r,* 125 Mich App 427; 336 NW2d 20 (1983).

In the case before us the circuit court found that on the record the commissioner was justified in his decision and that his decision was supported by competent, material and substantial evidence on the whole record.

We agree with the circuit court's finding that the evidence justified the suspension.

The circuit court then, however, set aside the Deputy Racing Commissioner's order, reinstated the stewards' decision and reduced the suspension to 15 days *to be served during the off season.*

The basis for the court's judgment was *People v Jones,* 403 Mich 527; 271 NW2d 515 (1978), which, in turn, was based on *North Carolina v Pearce,* 395 US 711; 89 S Ct 2072; 23 L Ed 2d 656 (1969).

*People v Jones, supra,* holds to the effect that once a sentence is pronounced it may not be enhanced unless subsequent conduct warrants such increase.

In this case the Deputy Racing Commissioner enlarged the suspension based not on subsequent conduct but rather on prior conduct which came to light during the hearing before him.

It is our opinion that the procedures in this case are not governed by criminal law, but even if the analogy to the criminal process were followed, *North Carolina v Pearce, supra,* has been abrogated by *Wasman v United States,* 468 US —; 104 S Ct 3217; 82 L Ed 2d 424 (1984), thus affecting the decision in *People v Jones, supra. People v Mazzie,* 137 Mich App 60; 357 NW2d 805 (1984). Therefore, prior newly discovered information is admissible.

We believe that the Deputy Racing Commissioner arrived at his decision in a trial *de novo* by considering evidence not known to the stewards. A

circuit court review is not a trial *de novo* and is limited to determining (1) whether the decision is authorized by law, and (2) whether the decision is supported by competent, material and substantial evidence on the whole record. MCL 24.306(1); MSA 3.560(206)(1); *Michigan Employment Relations Comm v Detroit Symphony Orchestra, Inc,* 393 Mich 116; 223 NW2d 283 (1974).

Once the above determinations were made and answered in the affirmative, the decision of the Deputy Racing Commissioner should have been affirmed. *Knowles v Civil Service Comm,* 126 Mich App 112; 337 NW2d 247 (1983).

We set aside the order of the circuit court and reinstate the order of the Deputy Racing Commissioner. Such suspension will be served at the time specified by the Deputy Racing Commissioner.