SANDERS v RACING COMMISSIONER

Docket No. 82773. Submitted February 13, 1986, at Lansing. Decided April 21, 1986.

Petitioners Gregory F. Sanders and J. V. Sanders were the trainer and owner of Pensar, a thoroughbred racehorse which won a race at the Detroit Race Course. At a hearing, the race stewards determined that the presence of dimethyl sulfoxide (DMSO) in Pensar, which was indicated by a post-race urinalysis of Pensar, violated § 23 of the Racing Law of 1980. The stewards fined petitioner Gregory F. Sanders and ordered a redistribution of the winner's purse. Following a hearing before the Deputy Racing Commissioner, petitioners appealed the stewards' decision to the racing commissioner, who affirmed the stewards' decision. Petitioners filed an appeal from the racing commissioner's order in the Oakland Circuit Court. The circuit court, Hilda R. Gage, J., reversed the racing commissioner's order. The racing commissioner appealed. *Held:*

1. DMSO is a drug within the meaning of the Racing Law of 1980, MCL 431.61 *et seq.* Its use has not been approved by the racing commissioner. The circuit court therefore erred in reversing the racing commissioner's order, which was supported by competent, material, and substantial evidence.

2. The Court of Appeals rejected petitioners' claim that the respondent is estopped from denying that use of DMSO was approved by a state veterinarian at the Detroit Race Course. Petitioners did not establish that they relied on the veterinarian's statements approving the use of DMSO. In any event, the veterinarian had no authority to permit the use of a drug which is not approved by the racing commissioner.

Reversed and the racing commissioner's order was reinstated.

REFERENCES

Am Jur 2d, Amusements and Exhibitions §§ 29-34, 46.

Am Jur 2d, Licenses and Permits §§ 58 *et seq.*

Disciplinary proceedings against horse trainer or jockey. 52 ALR3d 206.

Judicial review of administrative ruling affecting conduct or outcome of publicly regulated horse, dog, or motor vehicle race. 36 ALR4th 1169.

Bronson, J., dissented. He would hold that DMSO is not a drug whose use is prohibited by the Racing Law of 1980. He would affirm.

Opinion of the Court

1. Licenses — Horse Racing — Racing Law of 1980 — Drugs.

The Racing Law of 1980 prohibits the presence of drugs in horses during their participation in a race; drugs are prohibited unless authorized by the racing commissioner; the term "drug" includes all substances intended for use in the diagnosis, cure, mitigation, treatment or prevention of disease in humans or other animals (MCL 431.83; MSA 18.966[53]).

2. Licenses — Horse Racing — Racing Law of 1980 — Drugs.

Dimethyl sulfoxide is a drug for purposes of the statutory prohibition against the presence of drugs in horses during their participation in a race; the use of dimethyl sulfoxide has not been approved by the racing commissioner (MCL 431.83; MSA 18.966[53]).

3. Licenses — Horse Racing — Racing Law of 1980 — Penalties.

The Racing Law of 1980 specifically authorizes the racing commissioner to assess a penalty, including a fine of not more than $5,000, for violation of the 1980 act or rules promulgated thereunder (MCL 431.66[3]; MSA 18.966[36][3]).

4. Licenses — Horse Racing — Racing Commissioner — Drugs — Redistribution of Purses.

The racing commissioner is empowered to order the redistribution of the purse resulting from a horse race in which a horse sharing in the purse was found to have been in violations of the statutory prohibition against the presence of drugs during its participation in a race; such power is an incidental power necessary to the enforcement of the legislative intent of the Racing Law of 1980 in broadening the proscriptions against substances administered to racing horses just prior to races (MCL 431.61 *et seq.;* MSA 18.966[31] *et seq.).*

5. Administrative Law — Racing Commissioner — Appeal.

A circuit court review of a decision of the Michigan Racing Commissioner is not a trial de novo and is limited to determining whether the decision is authorized by law and supported by competent, material and substantial evidence on the whole record; the decision should be affirmed where both inquiries are answered in the affirmative (MCL 24.306[1]; MSA 3.560[206][1]).

6. LICENSES — HORSE RACING — RACING LAW OF 1980 — RACING LAW
   OF 1959 — DRUGS.

   *The definition of "drug" contained in the section of the Racing
   Law of 1980 pertaining to the presence of drugs in horses does
   not apply to the preexisting rules promulgated pursuant to the
   Racing Law of 1959 defining impermissible "drugs" (MCL
   431.83[3]; MSA 18.966[53][3]).*

7. LICENSES — HORSE RACING — RACING LAW OF 1980 — PROHIBITED
   SUBSTANCES — DRUGS.

   *Dimethyl sulfoxide is not a drug for purposes of the statutory
   prohibition against the presence of drugs in horses during their
   participation in a race (MCL 431.83[3]; MSA 18.966[53][3]).*

*David G. Johnson,* for petitioners.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, and *Charles D. Hackney*
and *Nelson W. Westrin,* Assistants Attorney General, for respondent.

Before: R. B. BURNS, P.J., and BRONSON and J. C.
TIMMS,* JJ.

J. C. TIMMS, J. Respondent appeals as of right
from an order of the Oakland Circuit Court reversing his assessment of penalties against petitioners.
We reverse and reinstate the penalties.

Petitioners were respectively the trainer and
owner of Pensar, a thoroughbred, which won the
fifth race at the Detroit Race Course (DRC) on
August 21, 1982. A post-race urinalysis of Pensar
revealed the presence of dimethyl sulfoxide (DMSO).
The result of the urinalysis was reported to the
racing stewards. On September 3, 1982, the stewards held a hearing and determined that the presence of DMSO in the horse on the day of the race
violated § 23 of the Racing Law of 1980, MCL
431.83; MSA 18.966(53), whereupon the stewards

---

* Circuit judge, sitting on the Court of Appeals by assignment.

fined petitioner Gregory Sanders, the trainer, and ordered redistribution of the winner's purse.

Petitioners appealed the stewards' decision, following a hearing before the deputy racing commissioner, to the office of the racing commissioner. The stewards' ruling was affirmed and appeal of the racing commissioner's affirmance of the stewards' order to Oakland Circuit Court resulted in a reversal of the racing commissioner's order and a remand to determine whether the presence of DMSO in Pensar on race day violated 1979 AC, R 431.62(b).

Petitioners claim that the use of DMSO on Pensar on race day did not violate any applicable racing laws and rules and, further, that even if the use of DMSO did violate such laws and rules respondent would be estopped from penalizing petitioners for such violations, based upon certain statements made by Dr. Haider, the state veterinarian assigned to DRC.

We must first determine whether dimethyl sulfoxide, DMSO, is a drug within the meaning of the Racing Law of 1980, MCL 431.61 *et seq.;* MSA 18.966(31) *et seq.* Based upon the evidence presented, we conclude that it is. Dmso was described as having a strong penetrating effect and is often used as a vehicle for carrying other medication through the skin. It can be administered orally, intravenously, or topically. It is impossible to detect through testing which method is used. Further, DMSO has diuretic, anti-inflammatory, and analgesic effects. There is also evidence that it affects the nervous system as an acetylcholine, a transmitter substance between the nerves. It also inhibits cholinesterase and allows greater stimulation. If applied topically, it relieves inflammation and associated pain. It has also been labeled as a

vasodilator in that it expands blood vessels and increases circulation.

MCL 431.83(3); MSA 18.966(53)(3) defines a drug as:

> (a) a substance recognized or for which the standards or specifications are prescribed in the United States pharmacopoeianational formulary, homeopathic pharmacopoeia of the United States, or any supplements.
>
> (b) a substance intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in humans or other animals.
>
> (c) a substance, other than food, intended to affect the structure of any function of the body of humans or other animals.

MCL 431.83(1); MSA 18.966(53)(1) prohibits the use of drugs except as authorized by the racing commissioner, and MCL 431.83(2); MSA 18.966(53)(2) requires the commissioner to promulgate rules which specify which drugs are permissible to use and under what conditions.

Under the Racing Law of 1959, MCL 431.31 *et seq.;* MSA 18.966(1) *et seq.,* which was repealed by the Racing Law of 1980, the commissioner had adopted 1979 AC, R 431.62, which permitted the use of only two drugs, Phenylbutazone and Lasix. The commissioner has not yet promulgated new rules pursuant to the Racing Law of 1980. Therefore, either there are no drugs authorized by the commissioner or, at the very best, only two drugs are authorized, neither of which is DMSO.

We find, therefore, that DMSO is a drug the use of which has not been authorized by the racing commissioner.

As noted in *McIlmurray v Racing Comm'r,* 130 Mich App 271, 278; 343 NW2d 524 (1983):

Section 6(3) of the 1980 act, MCL 431.66(3); MSA 28.966(36)(3), specifically authorizes the Racing Commissioner to assess a penalty, including a fine of not more than $5,000, for violations of the 1980 act or rules promulgated thereunder. Thus, without even looking at Administrative Rule 431.62, the Racing Commissioner's imposition of fines against these plaintiffs is authorized under the 1980 act if it can be found that plaintiffs violated any provision of the 1980 act.

And, again, in *McIlmurray, supra,* p 279:

In our opinion, the Racing Commissioner's power to order purse redistribution is an incidental power necessary to the enforcement of the legislative intent in broadening the proscriptions against substances administered to racing horses just prior to races.

In this case, estoppel will not lie for two reasons. First, the testimony disclosed that DMSO has been used as a leg paint at race tracks for the last 30 to 40 years. Although Dr. Dawson, petitioners' veterinarian, did not prescribe the use of DMSO for Pensar on the day of the race, it was his testimony that Dr. Haider, respondent's veterinarian in charge of thoroughbred horses at DRC, had expressly told him that the topical use of all DMSO was permissible. It is this general statement that is the root of petitioner's claim that the commissioner should be estopped from assessing fines and redistributing the purse. Bastin, the person who actually applied DMSO to Pensar's legs, never indicated that he relied on Dr. Haider's statement, and, as a matter of fact, testified that he had been using DMSO for years on all the horses he has worked with in most states. There is little, if any, evidence in the record to indicate that Dr. Haider's

statements were relied on by petitioners for the use of DMSO on August 21, 1982.

Secondly, the only person who could authorize the use of drugs was the racing commissioner. Only two drugs had been authorized previously, neither of which was DMSO. The state veterinarian had no authority, either apparent or implied, to authorize drugs prohibited by the statute and not contained in the rules promulgated by the racing commissioner.

Because administrative agencies, like municipal corporations, are creatures of legislation which derive their powers solely from the Legislature, we find the holding of this Court in *Cross v Whedon,* 93 Mich App 13, 19; 285 NW2d 780 (1979) (quoting *Parker v Twp of Bloomfield,* 60 Mich App 583, 591; 221 NW2d 424 [1975]), to be persuasive:

> "Generally estoppel may arise pursuant to the positive acts of municipal officials which induced plaintiff to act in a certain manner, and where plaintiff relied upon the official's actions by incurring a change of position or making expenditures in reliance upon the officials' actions."

And further from *Cross, supra:*

> Estoppel will not lie in every situation. A municipal corporation may not act beyond its powers. However, where the matter is within the city's authority and not illegal the municipality will be bound by its dealings even though the power has been exercised in an irregular fashion or in disregard of a directory provision in its charter. *Parker, supra,* 592.

A circuit court review is not a trial de novo and is limited to the determination of whether the agency's decision is authorized by law and sup-

ported by competent evidence. If the above test is satisfied, the agency's decision should be affirmed. MCL 24.306(1)(d); MSA 3.560(206)(1)(d); *Taylor v Hazel Park Racing Ass'n*, 142 Mich App 768; 371 NW2d 447 (1985). We find the commissioner's decision was supported by competent, material, and substantial evidence on the whole record.

The order of the circuit court is reversed and the order of the racing commissioner is reinstated.

R. B. Burns, J., concurred.

Bronson, J. *(dissenting)*. I respectfully dissent. I do not believe that the definition of the term "drug" set forth in § 23 of the amended statute, MCL 431.83(3); MSA 18.966(53)(3), must be read as conflicting with, or having superseded, that previously established by administrative regulation. See *McIlmurray v Racing Comm'r*, 130 Mich App 271, 280; 343 NW2d 524 (1983), (Bronson, J., dissenting). Thus, as the very learned and experienced trial judge, Hilda Gage, stated:

> Dmso is not a "controlled medication" and the rule cannot be read as permitting only the use of the two medications listed. The use of a drug as defined in the rule or use of an unreported "controlled medication" is prohibited and triggers the penalty provisions under the rule. Conversely, the use of a substance which is neither of these is not prohibited.

Therefore, I would affirm the well-reasoned opinion of the trial court.